Filed 11/26/24  P. v. Guerrero CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JESUS ANTONIO GUERRERO,<br><br>     Defendant and Appellant. | G063076<br><br>(Super. Ct. No. 05WF3659)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge. Reversed and remanded with instructions.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Melissa A. Mandel, Supervising Deputy Attorney General, Seth M. Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

In 2007, Jesus Antonio Guerrero was convicted of first degree special circumstances murder along with codefendants Juan Manzanares and Juan Manuel Reyes in connection with a 2005 shooting death at Santiago High School in Garden Grove. The jury found true the allegation that Guerrero had personally discharged a firearm causing death within the meaning of Penal Code section 12022.53, subdivision (d).[1] None of his codefendants were charged with this same enhancement.

In May 2023, Guerrero filed a petition for resentencing under section 1172.6.[2] After appointing counsel and conducting a hearing, the trial court determined he had not made a prima facie showing for relief under the statute because the record of conviction left only one conclusion – that the jury found Guerrero was the actual shooter who acted with an intent to kill.

On appeal, we agree that the jury found Guerrero was the only defendant who used a firearm in the course of the incident. We also note the jury's true finding as to a gang murder special circumstance allegation. This allegation was the sole fact the judge relied on to find the requisite intent to kill. This alone was insufficient to establish the necessary mens rea. Additionally, given the various theories of liability presented to the jury, we are unable to conclude that the record of conviction establishes conclusively that Guerrero is ineligible for resentencing under section 1172.6. The jury was instructed on multiple theories of liability, including natural and

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1170.95 was re-numbered section 1172.6 in 2022, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

probable consequences and an uncharged conspiracy to commit multiple crimes, including murder, and it is not clear from the verdicts what theory was used to convict Guerrero of murder. For these reasons, we reverse and remand so the trial court can issue an order to show cause and conduct an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

Guerrero and five others were all charged with special circumstance murder in connection with the Santiago High School shooting death. They were also charged with three counts of deliberate and premeditated attempted murder, as well as shooting at an occupied vehicle and street terrorism. The felony complaint against the group charged enhancements for committing murder for purposes of a criminal street gang (§ 190.2, subd. (a)(22)) and criminal street gang activity (§ 186.22, subd. (b)(1)). Guerrero alone was also charged with an enhancement for personal discharge of a firearm causing death. (§ 12022.53, subd. (d).) The remaining defendants were charged with vicarious discharge of a firearm causing death. (§ 12022.53, subds. (d) & (e)(1).)

The jury was told that all instructions applied to all defendants, except that Guerrero alone was charged with personally discharging the firearm while the others were charged with vicarious discharge of the firearm. Instructions were also given on both direct aiding and abetting and the natural and probable consequences doctrine. The jury was given an instruction on a theory of uncharged conspiracy as well, by which Guerrero's act was the culmination of a series of actions by Manzanares, himself, and others in concert. But the jury was given several potential crimes that might have been the subject of the conspiracy: disturbing the peace by fighting or challenging someone to fight, assault, battery, murder, shooting at an

3

occupied motor vehicle, shooting within 1000 feet of a school and/or attempted murder. The special circumstance murder instruction stated, to find the circumstance true, the prosecution would have to prove that the defendants intentionally killed the victim. Guerrero claimed self-defense and the jury was instructed on this defense.

On November 7, 2007, the jury found Guerrero guilty on all charges, including first degree murder, and found true the allegations that he had committed the crimes for the benefit of a criminal street gang, and that he had personally discharged a firearm causing death during the commission of the offense.[3] The trial court imposed a determinate sentence of life without the possibility of parole plus three indeterminate sentences of life with the possibility of parole after a minimum of 15 years was served as to each count, plus 95 years to life. On direct appeal, we affirmed the judgment.

Guerrero filed a petition for resentencing in May 2023 under section 1170.95 and/or section 1172.6. In it, he contended he could not presently be convicted of murder or attempted murder because of changes made effective January 1, 2019 to sections 188 and 189. Guerrero filed a second form petition on the same date as the first. This petition also stated that Guerrero had been convicted of murder under the natural and probable consequences doctrine, and could not now be convicted given the change in the law. The People filed a brief contending Guerrero did not meet the statutory requirements necessary for relief based on the record of conviction alone, and urged the court to find Guerrero ineligible for relief at the prima

---

[3] Specifically, the jury found it true that Guerrero "personally discharged a firearm causing death, during the commission or attempted commission" of murder.

4

facie stage. Because the prosecution argued in closing that Guerrero was the actual perpetrator of the shooting, and because he was convicted of first degree murder, the People argued the jury must have found that Guerrero acted with intent to kill the victim.

Guerrero's appointed counsel filed a brief in support of the petition in July 2023. In essence, Guerrero's counsel argued he was entitled to issuance of an order to show cause because his petition met the requirements of section 1172.6, and the People's brief improperly argued facts from prior opinions we had issued related to the case. Citing *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and *People v. Flores* (2022) 76 Cal.App.5th 974 (*Flores*), counsel argued factual summaries in previous opinions were not part of the record of conviction.

Mindful of this argument, at the hearing, the trial court agreed to consider Guerrero's prima facie eligibility for relief based only on the record of conviction without considering any prior factual summaries. On September 15, 2023, it issued a statement of decision denying Guerrero's petition because the record of conviction established he was ineligible for relief as a matter of law. Although the court acknowledged the jury's verdicts did not establish the theory of liability they used to convict Guerrero of first degree murder, it concluded the jury's findings show it had found Guerrero was the actual perpetrator of the murder and that he had killed the victim with the requisite mental state. The court noted Guerrero was the only defendant accused of personally discharging a firearm, and the jury found this allegation true. The court also observed the prosecution had to prove Guerrero intentionally killed the victim in order to establish the gang murder special circumstance, which the jury also found true. Thus, the court

concluded the jury found Guerrero was the actual killer who acted with express malice.

DISCUSSION

I.

STANDARD OF REVIEW

A court's decision to deny a resentencing petition at the prima facie stage " ' "is a purely legal conclusion, which we review de novo." ' (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101 [(*Ervin*)]; see also [*Flores, supra,*] 76 Cal.App.5th at [p. 991]." (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 864-865 (*Lovejoy*).)

II.

PETITION FOR RESENTENCING UNDER SECTION 1172.6

"Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) As a result, the Legislature amended sections 188 (defining malice), and 189 (defining the degrees of murder)." (*Ervin, supra*, 72 Cal.App.5th at p. 101.) At the same time, the Legislature provided "a procedure for a person convicted under a now invalid murder theory to file a petition for relief. If the court determines the petitioner has made a prima facie showing, it must issue an [order to show cause]. [Citation.] If the parties do not stipulate petitioner is entitled to relief, the court must hold an evidentiary hearing. If the prosecution fails to prove petitioner's ineligibility

6

for relief beyond a reasonable doubt, the court must vacate petitioner's murder conviction and resentence accordingly. [Citation.]" (*Ibid.*)

"When a trial court reviews a petition for resentencing under section 1172.6, it must first decide if the petitioner has established a prima facie case for relief under the statute. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court accepts the allegations as true and determines whether the petitioner would be entitled to relief if he or she proves the allegations. (*Ibid.*) In making its evaluation, the court may review the record of conviction— including the charging documents, jury instructions, verdicts, and to a limited extent any prior appellate opinion—to determine if the petitioner's allegations are conclusively rebutted by the record. (*Id.* at p. 972; *People v. Strong* (2022) 13 Cal.5th 698, 708.) But the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Lewis*, at p. 971.)" (*Lovejoy*, *supra*, 101 Cal.App.5th at pp. 864-865.) "Because the petition's allegations must be accepted as true, the only basis to refuse to issue an order to show cause is if the record of conviction conclusively demonstrates [the petitioner] was not entitled to relief as a matter of law. (*Lewis*, *supra*, [at p. 971].)" (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

The question in this case is whether the record of conviction conclusively demonstrates Guerrero was convicted of murder and/or attempted murder on a theory which remains valid even after the substantive changes to sections 188 and 189.

## III.

## THE RECORD OF CONVICTION DOES NOT CONCLUSIVELY ESTABLISH GUERRERO'S INELIGIBILITY FOR RELIEF UNDER SECTION 1172.6, AT LEAST AS TO MURDER

Without engaging in factfinding, we are unable to conclude that Guerrero is prima facie ineligible for relief under section 1172.6. He was charged and tried along with two codefendants for all crimes. The jury was instructed that the term "defendant" as used in the jury instructions referred to all three defendants. A natural and probable consequences instruction was given which was potentially applicable to Guerrero: "To prove that the defendant is guilty of [first degree or second degree murder, attempted murder, shooting at an occupied motor vehicle, discharge of a firearm within 1000 feet of a high school], the People must prove that: 1. The defendant is guilty of [disturbing the peace by fighting or challenging someone to fight, and/or assault and/or battery] 2. During the commission of the [disturbing the peace by fighting or challenging someone to fight, and/or assault and/or battery], the crime of [first degree or second degree murder, attempted murder, shooting at an occupied motor vehicle, discharge of a firearm within 1000 feet of a high school] was committed; AND 3. Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of the [first degree or second degree murder, attempted murder, shooting at an occupied motor vehicle, discharge of a firearm within 1000 feet of a high school] was a natural and probable consequence of the commission of the [disturbing the peace by fighting or challenging someone to fight, and/or assault and/or battery]."

Additionally, the jury was instructed on evidence of an uncharged conspiracy. The jury was told that it could conclude "a defendant was a member of a conspiracy" if the prosecution proved several elements. First, that "[t]he defendant intended to agree and did agree with [one or more of] (the other defendant[s]/[or] Juan Manzanares and Baltazar Moreno to commit challenge to fight, assault, battery, and/or murder." Second, that "[a]t

8

the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would commit challenge to fight, assault, battery, and/or murder." And third, that an overt act was committed by one of the defendants. The overt acts include a codefendant calling Guerrero, telling him to bring a gun, and advising him where the rival gang members were; as well as Guerrero going to the scene of the fight, pulling a pistol from his waistband, and firing. The jury found Guerrero guilty of first degree murder without explaining whether this finding was based on express or implied malice, or whether it was based on a natural and probable consequences conspiracy theory.

The trial court correctly noted that Guerrero alone was charged with personally discharging a firearm, while his two codefendants were charged with vicariously discharging a firearm. Because the jury found the allegation of personal discharge of a firearm true as to Guerrero, they must necessarily have determined he, out of the three defendants, was the shooter. However, as the California Supreme Court reminded us in *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*), "[a]t the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to Section 188 or 189 . . . And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense. If only *one* element of the offense is established by the record, the petitioner could still be correct that he or she could not currently be convicted of the relevant offense based on the absence of *other* elements." (*Id.* at p. 463.)

Thus, simply because the actus reus of murder may have been established as to Guerrero via the firearm finding, this does not mean the required mental state was also established. Even if the jury found Guerrero

to be the actual shooter, it is possible that, absent a natural and probable consequences or conspiracy instruction, the jury might have thought Guerrero "did not personally premeditate and was liable only for second degree murder." (See *In re Lopez* (2023) 14 Cal.5th 562, 586.) This is especially so because the conspiracy instruction reflected the prosecution's theory that Guerrero came to the scene at the behest of another.

The trial court relied on the jury's gang murder special circumstance finding under section 190.2, subdivision (a)(22) to supply the required mental state. A jury's true finding on a gang-murder special circumstance allegation does not preclude a petitioner from relief under section 1172.6 as a matter of law. (*Curiel*, *supra*, 15 Cal.5th at pp. 460–461.)

Under section 190.2, subdivision (a)(22), a special circumstance exists when the jury finds "[t]he defendant intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang." (§ 190.2, subd. (a)(22).) Instruction number 736 given to the jury stated that the prosecution had to prove in part that "the defendant intentionally killed Abraham Ortega" in order to prove the special circumstance true.

This instruction, and subsequent finding by the jury, still does not preclude the possibility that the jury convicted Guerrero on a now-invalid theory. The instruction was generic to all defendants. The jury was told to consider each charge and reach a verdict as to each defendant. But this does not eliminate the possibility the jury used the natural and probable consequences doctrine or conspiracy theory involving natural and probable consequences in order to determine the issue of intent as to each defendant. Indeed, the jury was instructed as follows: "A member of a conspiracy is also

10

criminally responsible for any act of any member of the conspiracy if that act is done to further the conspiracy and that act is a natural and probable consequence of the common plan or design of the conspiracy. This rule applies even if the act was not intended as part of the original plan."

There is no similar concern with respect to Guerrero's convictions for attempted murder. The attempted murder instructions used the generic term "defendant" also. However, the jury was instructed that, if it found "defendant" guilty of attempted murder, it had to decide whether the prosecution had proven "the additional allegation that the attempted murder was done willfully, and with deliberation and premeditation." The court further instructed that the defendant "acted willfully if he intended to kill when he acted. The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant premeditated if he decided to kill before acting." The jury found true the allegations that Guerrero acted willfully, deliberately and with premeditation in committing all three counts of attempted murder. These instructions leave no doubt that express malice was the basis for the jury's findings on attempted murder.

Because the record of conviction does not conclusively refute Guerrero's factual allegations as to his first degree murder conviction, the petition should have proceeded to an evidentiary hearing on at least that count.

11

## DISPOSITION

The ruling of the trial court denying appellant's petition for resentencing is reversed and the matter is remanded to the trial court with instructions to issue an order to show cause and conduct an evidentiary hearing on the petition.


MOORE, J.

I CONCUR:


O'LEARY, P. J

DELANEY, J., Concurring in part, and dissenting in part.

I agree with the majority's conclusion that Guerrero has not made a prima facie showing of entitlement to resentencing relief regarding his attempted murder convictions, but I respectfully disagree that he has done so regarding his murder conviction.

I read the majority's opinion as acknowledging that the jury's findings concerning Guerrero establish the actus reus for first degree murder and part of the necessary mens rea, namely a personal intent to kill. (See *People v. Curiel* (2023) 15 Cal.5th 433, 452-453, 460 (*Curiel*) [jury's intent to kill determination based on gang-murder special circumstance true finding is issue preclusive with respect to defendant's intent to kill].) Where it finds the record of conviction nondispositive is the additional mens rea of willfulness, premeditation, and deliberation. The majority reasons that the record of conviction does not conclusively establish all the elements of a still viable theory of first degree murder because the jury may have simply imputed willfulness, premeditation, and deliberation to Guerrero via the conspiracy instruction or the natural and probable consequences instruction, rather than have found Guerrero himself acted with that heightened mental state. I view the record differently.

To find Guerrero liable for premeditated and deliberate first degree murder through either the conspiracy instruction or the natural and probable consequences instruction, the language of the instructions would have required the jury to find that someone else committed premeditated and deliberate first degree murder. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 803-804 ["[A]bsent some contrary indication in the record, we presume the jury follows its instructions [citations] 'and that its verdict

1

reflects the legal limitations those instructions imposed'"].) This would have required a finding that someone else, inter alia, committed the act that caused death. But, the jury's other verdicts establish it found Guerrero was the person who committed the murderous act. Specifically, through its true finding on the firearm allegation, the jury found Guerrero's personal and intentional discharge of a firearm "caused the death of a person." There was no such allegation as to the other defendants; the codefendants were only alleged to have vicariously discharged a firearm. And, this was not a case involving multiple or concurrent causes. Because the jury found Guerrero committed the act that caused death, it necessarily arrived at the first degree murder guilty verdict by finding he personally possessed willfulness, premeditation and deliberation. That finding, combined with the actus reus and intent to kill findings, establish all elements of direct perpetrator first degree murder liability.[4] (See *People v. Pittman* (2023) 96 Cal.App.5th 400, 414 [unlawful killing with malice aforethought, willfulness, premeditation, and deliberation, supports first degree murder conviction].)

Because the record of conviction conclusively refutes Guerrero's allegation that he could not currently be convicted of murder "because of

---

[4] Relying on *People v. Chiu* (2014) 59 Cal.4th 155, decided years after his conviction, Guerrero argues it was error for the court to give the natural and probable consequences instruction, as well as the conspiracy instruction which was grounded in the same doctrine. Given my conclusion herein that Guerrero was convicted as the direct perpetrator, it does not appear he would be entitled to any relief based on *Chiu*'s elimination of the natural and probable consequences doctrine as a means to convict a person of first degree murder. (See *In re Lopez* (2023) 14 Cal.5th 562,585 [explaining harmless error standard applicable to *Chiu* error].) In any event, such relief must be sought through a petition for writ of habeas corpus. (See *Lopez, supra,* at p. 567.)

2

changes to Section 188 or 189 made effective January 1, 2019" (Pen. Code, § 1172.6, subd. (a)(3)), I would affirm the denial of his resentencing petition. (See *Curiel, supra*, 15 Cal.5th at p. 460 [petition may be dismissed if record of conviction conclusively establishes defendant is ineligible for relief].)


DELANEY, J.